UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JASMINE M. TAYLOR                                              PLAINTIFF

V.                    NO. 4:18CV00102 JLH-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security                         DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I.    Introduction:**

Plaintiff, Jasmine M. Taylor, applied for disability benefits on October 24, 2014, alleging a disability onset date of October 1, 2011. (Tr. at 15). After conducting a hearing, the Administrative Law Judge (AALJ@) denied her

application. (Tr. at 30). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II. The Commissioner=s Decision:

The ALJ found that Taylor had not engaged in substantial gainful activity since the alleged onset date of October 1, 2011. (Tr. at 17). At Step Two, the ALJ found that Taylor has the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), learning disability, borderline intellectual functioning ("BIF"), anxiety disorder, and depressive disorder. *Id*.

After finding that Taylor's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Taylor had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, except that: (1) she would have to avoid heights; (2) she could understand and perform simple one or two step instructions but not complicated or multi-step instructions; and (3) she would need a supervised, low-stress environment that requires few decisions. (Tr. at 22).

Based on the RFC, the ALJ found that Taylor could return to past relevant work as a fast food worker. *Dictionary of Occupational Titles* ("*DOT*"),

311.472.010; (Tr. at 28). The ability to return to past work results in a finding that a claimant is not disabled, but the ALJ proceeded to Step Five anyway. He relied upon the testimony of a Vocational Expert ("VE") to find that, based on Taylor's age, education, work experience and RFC, she could perform other jobs, such as laundry worker (*DOT* 361.685-018) and cleaner (*DOT* 323.687-010). (Tr. at 29). Thus, the ALJ held that Taylor was not disabled. (Tr. at 30).

### III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Taylor=s Arguments on Appeal

Taylor contends that substantial evidence does not support the ALJ=s decision to deny benefits. She argues that the ALJ: 1) failed to conduct a proper credibility analysis; 2) erred by not finding her impairments met a Listing; and 3) failed to properly consider VE evidence precluding all jobs. For the following reasons, the Court finds support for reversal.

In this case, the ALJ listed three jobs that Taylor could perform. The jobs of fast food worker, laundry worker, and cleaner all have a reasoning level of 2. See *DOT App'x C: Components of the Definition Trailer*. Reasoning level 2 jobs require that a person apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. *Id*. The person can deal with problems involving a few concrete variables in or from standardized situations. *Id.* The question of whether the RFC for simple one or two step instructions is compatible with jobs with reasoning levels of 2 has come up in Social Security Disability cases in this district.

And the Eighth Circuit recently took up the issue.

On August 9, 2018, the Eighth Circuit issued its decision in *Stanton v. Comm'r, SSA*, 2018 U.S. App. LEXIS 22117 (8th Cir., August 9, 2018). In *Stanton*, the Eighth Circuit held for the first time that a limitation to one to two step tasks prevents a claimant from performing level 2 reasoning jobs. *Id*. The Court found that where a conflict exists between the RFC and the jobs identified by the VE, the ALJ has an affirmative duty to obtain an explanation from the VE addressing the conflict. *Id.* at 10, 11. In *Stanton*, the ALJ failed to obtain a sufficient explanation for the conflict. *Id*.

The RFC determination here is not in question. The RFC limited Taylor to one to two step tasks. The two state-agency medical consultants agreed on that limitation. (Tr. at 148, 169). An examining psychologist, Dr. James Moneypenny, Ph.D., determined that Taylor could carry out and remember simple, but not complex instructions. (Tr. at 450). He said she would have difficulty with attentional function. (Tr. at 451). When he completed a medical source statement, Dr. Moneypenny wrote that Taylor would have marked problems in making judgments on complex work instructions. (Tr. at 466). He found moderate difficulties in understanding and remembering simple instructions. *Id*. Another examining doctor found that Taylor's thought processes were simple and unsophisticated. (Tr. at 475). Taylor's longtime

5

psychiatrist found that she had poor concentration, difficulty expressing herself, and difficulty with multi-tasking. (Tr. at 685, 726). An Arkansas Rehabilitation Services screening report showed susceptibility to mistakes in task performance, slow task performance, and difficulty concentrating. (Tr. at 778). The medical evidence certainly supports the ALJ's conclusion that Taylor would be limited to jobs requiring only one to two step task performance. The ALJ got the RFC right.

At Step Four, an ALJ "has a duty to fully investigate and make explicit findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant herself is capable of doing before [the ALJ] determines that she is able to perform her past relevant work." *Nimick v. Sec'y of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir. 1989); *Groeper v. Sullivan*, 932 F.2d 1234, 1238-39 (8th Cir. 1991); *Young v. Astrue*, 702 F.3d 489, 491 (8th Cir. 2013). The ALJ does that by analyzing the medical records and medical opinions, and seeking testimony from the claimant herself about past work. He may consult the DOT to obtain vocational evidence. *Kirby v. Sullivan*, 923 F.2d 1323, 1327 (8th Cir. 1991). In an Eighth Circuit case where the ALJ specifically referenced the DOT, the past relevant job, and the job's DOT number, substantial evidence supported his Step Four finding. *Young, supra*, at 491. When an ALJ makes only a brief and conclusory statement that the claimant can return to past work, without

conducting the proper inquiry, reversal is required. *Groeper, supra*, at 1238-1239.

The ALJ may also elicit VE testimony to determine whether a claimant can return to past work. *Rice v Shalala*, 1995 U.S. App. LEXIS 540 *4 (8th Cir., January 13, 1995). The VE has special knowledge of jobs and their physical and mental demands, so VE testimony may be required for an ALJ to make a Step Four decision. Here, the ALJ admitted that he relied upon VE testimony at Step Four. (Tr. at 28). The VE in fact identified the job of fast food worker when the ALJ asked the VE about a person being limited to one to two step instructions. (Tr. at 113). But there the ALJ ran afoul of *Stanton*, and did not seek an explanation of how a person who could only perform one to two step tasks could perform a level 2 job.

When Taylor's attorney proposed a hypothetical that more accurately captured her limitations, the VE stated that Taylor could not return to past work or perform any other jobs in the national economy. The attorney's hypothetical proposed that the individual would be limited to simple instructions only, with marked limitations in the ability to carry out anything beyond simple instructions. (Tr. at 115). The VE responded that such a person could not return to past work as fast food worker, and no other jobs allowed for those limitations. *Id*. If there was a conflict between the VE's answers to the two separate hypotheticals, then she had to explain that conflict to the ALJ. The ALJ did not seek such an explanation.

The ALJ erroneously ignored the evidence precluding all work, and said Taylor could perform the level 2 reasoning job of fast food worker. *Stanton* has shown us that an RFC for simple one to two step tasks does not allow for level 2 jobs. Because the ALJ made a finding contrary to the *Stanton* holding, and did not choose to rely on the VE testimony precluding all work, his Step Four finding was not supported by substantial evidence.

### III.  Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred at Step Four.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 23rd day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE